1  **SAYRE & LEVITT, LLP**
   Federico Castelan Sayre, Esq. (SBN 067420)
2  sayreesq@sayrelevitt.com
   Adam L. Salamoff, Esq. (SBN 193686)
3  asalamoff@sayrelevitt.com
   333 Civic Center Drive West
4  Santa Ana, California 92701-3452
   (714) 550-9117 Telephone / (714) 716-8445 Facsimile
5
6  Attorneys for Plaintiffs JUNIOR LAGUNAS, YESENIA ROJAS AND
   CRYSTAL VENTURA
7
8
9                    UNITED STATES DISTRICT COURT
10                   CENTRAL DISTRICT OF CALIFORNIA
11
12  JUNIOR LAGUNAS, YESENIA          )   CASE NO.:  **SACV13-00247 JST (ANx)**
13  ROJAS AND CRYSTAL                )
    VENTURA,                         )   COMPLAINT FOR DAMAGES
14                                   )
                     Plaintiffs,     )   1.   VIOLATION OF FEDERAL
15                                   )        CIVIL RIGHTS [42 USC §§
    vs.                              )        1983, 1985, 1986, 1988]
16                                   )   2.   SUPERVISORIAL
    CITY OF ANAHEIM, ANAHEIM         )        RESPONSIBILITY FOR
17  POLICE DEPARTMENT, and DOES      )        VIOLATIONS OF THE 1ST
    1 through 25, Inclusive,         )        AND 14TH AMENDMENTS
18                                   )        [*MONELL* CLAIM]
                                     )   3.   VIOLATION OF CIVIL
19  _____Defendants._____)        CODE§51.7, (Ralph Civil
                                     )        Rights Act);
20                                       4.   VIOLATION OF CIVIL
                                              CODE§52.1 (Bane Civil
21                                            Rights Act);
                                         5.   ASSAULT;
22                                       6.   BATTERY;
                                         7.   NEGLIGENCE; and
23                                       8.   NEGLIGENT HIRING,
                                              TRAINING   AND
24                                            RETENTION
25                       DEMAND FOR JURY TRIAL
26      COMES NOW, PLAINTIFFS JUNIOR LAGUNAS, YESENIA ROJAS AND
27  CRYSTAL VENTURA, DO HEREBY ALLEGE AND COMPLAIN AS FOLLOWS:
28
                         COMPLAINT FOR DAMAGES

                                    1

**INTRODUCTION**

1.      This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1988, California Civil code §§ 52 & 52.1, and the Fourth and Fourteenth Amendments of the United States Constitution against Defendants, CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT and DOES 1-25.

2.      It is herein alleged that all the Defendants, and each of them, including DOES 1-25 and/or other unknown officers, deputies or individuals employed by Defendants, and each of them, violated all plaintiffs' rights to free speech and freedom to assemble, made an unreasonable seizure of the person of JUNIOR LAGUNAS (hereinafter "LAGUNAS"), through the use of a police dog, resulting in an assault and battery upon LAGUNAS, along with substantially interfering with his personal liberty.  Further, defendants also perpetuated an assault and battery upon plaintiff YESENIA ROJAS (hereinafter "ROJAS"), who was shot three times by ANAHEIM POLICE DEPARTMENT officers with plastic and/or rubber bullets, and having her personal liberties interfered with along with CRYSTAL VENTURA  (hereinafter "VENTURA"), without legal cause or excuse, violating their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution.

**JURISDICTION**

3.      Plaintiff JUNIOR LAGUNAS, an individual, claims for relief arising under, and for violations of, the following laws:

a.      Federal Civil Rights Act under 42 USC §§ 1983, 1985, 1986, and 1988;

b.      The First Amendment of the United States Constitution;

c.      The Fourth Amendment of the United States Constitution;

d.      The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

4.    Plaintiff YESENIA ROJAS, an individual and plaintiff CRYSTAL VENTURA, an individual, claims for relief arising under, and for violations of, the following laws:

    a.    Federal Civil Rights Act under 42 USC §§ 1983, 1985, 1986, and 1988;

    b.    The First Amendment of the United States Constitution;

    c.    The Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

5.    Jurisdiction of this court, is therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

6.    This court has supplemental jurisdiction over LAGUNAS' state law claims arising under the California Constitution and California law pursuant to 28 USC § 1367.

**VENUE**

7.    Venue is proper in the Central District of the U.S. District Court of California in that the act or omission that gave rise to plaintiffs' claims occurred in the City of Anaheim, County of Orange, State of California, as more fully set forth herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 USC § 1391(b)(2) and § 1343.  The incident took place on Anna Drive, near the intersection of La Palma, in the City of Anaheim, County of Orange, State of California.

**PARTIES**

8.    Plaintiff, JUNIOR LAGUNAS, was a resident of the City of Anaheim,  County of Orange, State of California during all times relevant hereto.

9.    Plaintiff, YESENIA ROJAS, was a resident of the City of Anaheim, County of Orange, State of California during all times relevant hereto.

10.   Plaintiff, CRYSTAL VENTURA, a minor, was a resident of the City of Anaheim, County of Orange, State of California during all times relevant hereto.

11.   At all times mentioned herein, Defendant CITY OF ANAHEIM is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

12.   At all times mentioned herein, Defendant ANAHEIM POLICE DEPARTMENT (hereinafter "APD") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

13.   At all times mentioned, defendants DOES1 - 10 are and at all times mentioned herein were, Officers employed by the APD, who were acting within the course and scope of their employment, at the time they undertook the activities alleged herein and were, at all times herein mentioned, acting under color of state law as employees, agents, and representatives of defendant CITY OF ANAHEIM.

14.   Defendants DOES 11-25 are and at all times mentioned herein were, police supervisors, captains, commanders and/or chiefs, employed by the APD and/or CITY OF ANAHEIM, who were  acting within the course and scope of their employment at the time they undertook the activities alleged herein and were, at all times herein mentioned, acting under color of state law as employees, agents, and representatives of every other defendant.

15.   Plaintiffs are informed and believe that Defendant CITY OF ANAHEIM is an incorporated municipality doing business in the State of California with its principal place of business in Anaheim, and the employer of the individual officers named as Defendants in this action.

16.   Plaintiffs are informed and believe and thereon allege that Defendant APD is a public entity existing within the State of California, County of Orange. Plaintiffs are informed and believe that Defendant APD is and was the official

police agency for the CITY OF ANAHEIM at all times mentioned herein, and is the employer of the individual officers named as Defendants in this action.

17.     At all times mention herein these Defendant DOES 1-25were acting within the course and scope of their employment with the APD and the CITY OF ANAHEIM, who ratified and approved their actions.

18.     The true names and capacities of DOES 1 -25 are unknown to plaintiffs, who therefore sue said defendants by such fictitious names and will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitious named defendants are responsible for the acts complained of herein.

19.     At all relevant times herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of state law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOES 1-25 were and are Defendants, whose identity is unknown at this time who supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiffs' damages.

## FACTUAL ALLEGATIONS

20.     On or about July 21, 2012, plaintiff JUNIOR LAGUNAS and his mother, plaintiff YESENIA ROJAS, resided at 710 N. Anna Drive, Apt. #2, Anaheim, California 92805.

21.     On or about July 21, 2012, plaintiff CRYSTAL VENTURA, a minor, resided at 710 N. Anna Drive, Apt. #6, Anaheim, California 92805.

22.     In the afternoon of July 21, 2012, a crowd of citizens, including the plaintiffs, lawfully assembled on Anna Drive, near the intersection of La Palma Ave., in Anaheim, California, following the shooting death of Manuel Diaz by the Anaheim Police Department.  Plaintiff VENTURA had her infant child with her, in a stroller.

23.     For some unknown reason, in the afternoon hours of July 21, 2012, unidentified APD officers commenced shooting "rubber" or "plastic" bullets into the group of persons, lawfully assembled on Anna Drive, near the intersection of La Palma, in Anaheim, California.

24.     At around the same time, an unidentified DOE officer of the APD released a police attack dog into the crowd of assembled persons, on Anna Drive, near the intersection of La Palma.

25.     The police dog then charged in the direction of plaintiff ROJAS and plaintiff VENTURA, lunging at VENTURA's stroller, in which her infant child was seated, attacking and biting the child's father, plaintiff LAGUNAS, as he attempted to shield his child from the dog attack, resulting in serious physical injuries to LAGUNAS.

26.     Plaintiff ROJAS was standing approximately 10-15 yards away, when she witnessed her son, plaintiff LAGUNAS, being attacked by the APD police. She immediately ran toward her son to help.  While she was running to aid her son, she was shot approximately three (3) times and hit with either "rubber" or "plastic" bullets, fired by unidentified officers of the APD, sustaining physical and emotional injuries.

27.     Defendant DOES 1-10, Officers of the APD, acting within the course and scope of their duties as employees of the APD and acting as representatives of the CITY OF ANAHEIM, intentionally and/or negligently released a police dog,

1   which attacked plaintiffs, resulting in bite injuries to plaintiff LAGUNAS and

2   shooting plaintiff ROJAS.

3     28. The activities undertaken by the Defendant DOES 1-10, Officers of

4   the APD, constituted an inappropriate interference of plaintiffs' freedom of

5   expression and right to peaceably assemble, provided under the First Amendment

6   of the United States Constitution and violated his state civil rights afforded

7   pursuant to California Civil Code §§51, 51.7, 52 and 52.1.

8     29. The release of a police attack dog upon plaintiff LAGUNAS

9   constituted further unconstitutional violations of his civil rights in that it was

10   excessive force exerted upon him, in violation of the First, Fourth and Fourteenth

11   Amendments of the U.S. Constitution.

12     30. The repeated discharge of weapons at plaintiff ROJAS, by defendant

13   officers of the APD, without any cause, constituted a violation of her civil rights in

14   that it was excessive force exerted upon her, in violation of her First and

15   Fourteenth Amendment rights of the U.S. Constitution and her state civil rights

16   afforded pursuant to California Civil Code §§51, 51.7, 52 and 52.1.

17     31. The assault upon plaintiff VENTURA and her infant child, without

18   any cause, constituted a violation of her civil rights in that it interfered with her

19   First Amendment rights to free speech and to assemble peaceably and violated her

20   state civil rights afforded pursuant to California Civil Code §§51, 51.7, 52 and

21   52.1.

22     32. The actions of Defendants, and each of them, were in violation of the

23   Fourth, Fifth and Fourteenth Amendments of the United States Constitution and

24   the actions undertaken by Defendants constituted an unjustified seizure of

25   LAGUNAS' person, deprivation of all of the plaintiffs' liberty interests, excessive

26   force, interference with plaintiffs' first amendment rights to freedom of speech and

27   to assemble peaceably and were in violation of plaintiffs' civil rights under color

28

COMPLAINT FOR DAMAGES

1  of law under 42 U.S.C. § 1983 and other sections of the United States Code as
2  more fully set forth herein, as well as their civil rights afforded pursuant to
3  California Civil Code §§51, 51.7, 52 and 52.1.

4      33.    Plaintiffs are informed and believe, and thereon allege, that
5  Defendants CITY OF ANAHEIM and ANAHEIM POLICE DEPARTMENT and
6  their decision makers, with deliberate indifference, gross negligence, and reckless
7  disregard to the safety, security, and constitutional and statutory rights of the
8  plaintiffs, and all persons similarly situated, maintained, enforced, tolerated,
9  permitted, acquiesced in, and applied policies, practices, or customs and usages of,
10  among other things: subjecting people to unreasonable uses of force against their
11  persons;

12      a.    selecting, retaining and assigning employees with demonstrable
13          propensities for excessive force, violence, and other misconduct;
14      b.    failing to adequately train, supervise, and control employees in the
15          dangers of repeated discharge of service revolvers, including, without
16          limitation, the use of potentially lethal tactics, on individuals who
17          may have pre-existing medical conditions which make such tactics
18          unreasonably dangerous;
19      c.    failing to adequately discipline officers engaged in misconduct;
20      d.    Condoning and encouraging officers in the belief that they can violate
21          the rights of persons such as the decedent in this action with
22          impunity, and that such conduct will not adversely affect their
23          opportunities for promotion and other employment benefits.

24      34.    Plaintiffs are informed and believe and thereon allege that Defendants
25  CITY OF ANAHEIM and APD have a longstanding custom, policy and practice
26  of violating civil rights, including excessive use of force and other similar actions,
27  and ordered, authorized, acquiesced in, tolerated, permitted or maintained custom

28

COMPLAINT FOR DAMAGES

8

1   and usages permitting the other defendants herein to engage in the unlawful and

2   unconstitutional actions, policies, practices, and customs or usages set forth in the

3   foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of

4   constitutional violations based either on a deliberate plan by defendants or on

5   defendants' deliberate indifference, gross negligence, or reckless disregard to the

6   safety, security, and rights of plaintiffs.

7       35.   As a result of the repeated unconstitutional actions of Defendants,

8   and each of them, LAGUNAS suffered serious and permanent physical and

9   emotional injuries.  Plaintiff ROJAS also suffered serious physical and emotional

10  injuries.  All plaintiffs therefore have suffered, and continue to suffer, devastating

11  and overwhelming severe emotional distress, disgust, shock, anger, fright,

12  nervousness and terror. Plaintiffs have further suffered economic and

13  non-economic damages.

14      36.   Plaintiffs filed their Government Claims for monetary damages

15  pursuant to California Governmental Code §910 et seq and §815 at seq and all

16  provisions of the Government Code against the Defendants on September 6, 2012,

17  with the Clerk of the City of ANAHEIM, who received them on September 10,

18  2012.

19      37.   Forty-five days having passed since the date that plaintiffs'

20  government claim was presented and not having received a written response,

21  pursuant to Government Code §912.4(c), the claim is deemed denied, by operation

22  of law.  This Complaint, being filed on or about February __, 2013, being filed

23  less than 6 months after the  date the claims were filed, is timely made.

24

25  / / /

26  / / /

27  / / /

28

## FIRST CAUSE OF ACTION

## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

## (Against Defendants City of Anaheim, APD, Unidentified Officers of the APD and/or Does 1-25, inclusive;)

38.   Plaintiffs incorporate each and every preceding paragraph as though fully set forth herein.

39.   This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the First, Fourth and Fourteenth Amendments to the United States Constitution and the Constitution and laws of the State of California.

40.   Defendants, and each of them, owed a duty of ordinary care to avoid harm to plaintiffs.  The CITY OF ANAHEIM and the APD's duties included the duties to completely train, hire and supervise its law enforcement officers in the proper use of force and tactics regarding the use of police dogs and the firing of non-lethal ammunition, when responding to and dealing with unarmed individuals, combative or not.

41.   Plaintiffs contend and herein allege that Defendants, and each of them breached these aforementioned duties, either negligently or intentionally in relation to all their interactions with plaintiffs, on July 21, 2012, when plaintiffs were peaceably exercising their First Amendment rights, including, but not limited to, releasing their police attack dog upon plaintiff LAGUNAS and firing of non-lethal bullets at plaintiff ROJAS, multiple times, while unarmed.

42.   Plaintiffs contend and herein allege that the aforementioned negligent/intentional breach of their duties by Defendants constituted violations of the civil rights of plaintiffs, in contravention of 42 U.S.C. §1983 of the First, Fourth and Fourteenth Amendments of the Constitution of the United States and

the laws of the State of California. Plaintiffs further contend and allege that Defendants disregard of plaintiffs' aforementioned civil rights was done by either actual malice or deliberate indifference to plaintiffs' civil rights.

43. Plaintiffs contend and herein allege that unidentified officers of the APD and/or DOES 1-25 negligent/intentional use of their police dog upon plaintiff LAGUNAS and the firing of non-lethal bullets upon plaintiff ROJAS was the legal cause of their physical injuries on July 21, 2012.

44. On or about July 21, 2012, Defendants, and each of them, violated LAGUNAS'S civil rights under the First, Fourth and Fourteenth Amendments of the United States Constitution, prohibiting interference with his freedom of speech, freedom to assemble, unlawful search and seizure, and violation of due process of law. The violations were under color of state law. Defendants, and each of them, acted in violation of the Fourth Amendment of the United States Constitution when LAGUNAS was subjected to excessive force from a police dog attack and injured.

45. The actions of Defendants as aforesaid violated the First, Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of plaintiffs' civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set for the below.

46. The false and illegal seizure and use of excessive force, through the use of a police attack dog, upon plaintiff LAGUNAS, was in violation of his civil rights to exercise his freedom of speech, freedom to assemble, to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and denial of substantive due process under the First, Fourth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action defendants, and each of them, violated LAGUNAS's

civil rights by being deliberately indifferent to his physical security as set forth in *Wood v. Ostrander*, 879 F.2d 583.

47.     Defendants, and each of theirs, actions as aforesaid directly and proximately caused injuries and damages to Plaintiffs as more fully set forth below.

48.     On or about July 21, 2012, Defendants violated plaintiffs' civil rights by using a degree of force, which was not objectively reasonable under the circumstances. None of the plaintiffs posed any threat, while peaceably assembled on Anna Drive, near the intersection of La Palma Ave., in Anaheim, California, and had committed no crimes. Defendants' use of excessive force was unreasonable and in violation of plaintiffs' Civil Rights under the First, Fourth and Fourteenth Amendments of the United States Constitution to be free from interference of their rights to free speech and freedom to assemble, as well as, to be free from an unreasonable seizure of LAGUNAS's person and for all plaintiffs to be free from a loss of physical liberty.  Defendants' use of excessive force upon LAGUNAS and ROJAS, was in violation of their First, Fourth and Fourteenth Amendment Rights.

49.     Prior to July 21, 2012, Defendants CITY OF ANAHEIM and APD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of persons, which caused the violation of Plaintiffs' civil rights.

50.     It was the policy and/or custom of Defendants  CITY OF ANAHEIM and APD to inadequately supervise and train its officers, including defendant unidentified officers of the APD and/or DOES 1-25, thereby failing to adequately discourage further Constitutional violations on the part of its Officers.

51.     As a result of the above-described policies and/or customs, unidentified officers of Defendants  CITY OF ANAHEIM and APD, and/or DOES

1-25, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, and would be tolerated and accepted.

52.    The above-described policies or customs demonstrated a deliberate indifference on the part of the policy markers of Defendants  CITY OF ANAHEIM and APD to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of Plaintiffs' Civil Rights as alleged herein.

53.    Each of the Defendants and DOES 1-25 named herein is individually liable for the violation of Plaintiffs' Civil Rights apart and aside from the customs, policies and practices of Defendants  CITY OF ANAHEIM and APD.

54.    As a direct and proximate result of the conduct of Defendants, and each of them, plaintiffs suffered the following injuries and damages for which Plaintiffs may recover:

    a.    Violation of plaintiffs LAGUNAS and ROJAS' Constitutional Rights under the First, Fourth  and Fourteenth Amendments to the United States Constitution to be free from interference of his rights to freedom of speech and freedom to assemble, to be free from unreasonable search and seizure of their person, to be free from deprivation of liberty and is entitled to due process of law;

    b.    Violation of plaintiff VENTURA's Constitutional Rights under the First, Fourth  and Fourteenth Amendments to the United States Constitution to be free from interference of his rights to freedom of speech and freedom to assemble, to be free from deprivation of liberty and is entitled to due process of law;

    c.    Conscious physical pain, suffering and emotional trauma during the incident.

55. The conduct of Defendants unknown officers of the APD and/or DOES 1-25 was reckless and acted with callous indifference to the federally protected rights of Plaintiffs. Defendants, and each of them, engaged in despicable conduct by using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs, and Plaintiffs are entitled to punitive damages in accord with constitutionally permitted limits to punish and make an example of the individual defendant officers.

56. Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiffs' Civil Rights.

## SECOND CAUSE OF ACTION
## (SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS OF THE 1ST AND 14TH AMENDMENTS
## [*MONELL* CLAIM]
## [42 USC §§ 1983, 1985, 1986, 1988]
## (All Plaintiffs Against Defendants City of Anaheim, APD, and/or Does 1-25, inclusive)

57. Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

58. At all times herein mentioned, Defendants CITY OF ANAHEIM and APD maintained a custom, policy and practice to allow the violation of Civil Rights. Additionally, Defendants CITY OF ANAHEIM and APD had a custom and practice of denying Governmental claims, rejecting, failing to act on and denying Citizen Complaints, and engaging in excessive use of force and other actions. All of these actions were done in violation of Plaintiffs' Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiffs and others.

59.     As a direct and proximate result of the conduct of Defendants, and each of them, plaintiffs suffered the following injuries and damages for which Plaintiffs may recover:

a.      Violation of plaintiffs LAGUNAS and ROJAS' Constitutional Rights under the First, Fourth  and Fourteenth Amendments to the United States Constitution to be free from interference of his rights to freedom of speech and freedom to assemble, to be free from unreasonable search and seizure of their person, to be free from deprivation of liberty and is entitled to due process of law;

b.      Violation of plaintiff VENTURA's Constitutional Rights under the First, Fourth  and Fourteenth Amendments to the United States Constitution to be free from interference of his rights to freedom of speech and freedom to assemble, to be free from deprivation of liberty and is entitled to due process of law;

c.      Conscious physical pain, suffering and emotional trauma during the incident.

60.     The conduct of Defendants unknown officers of the APD and/or DOES 1-25 was reckless and acted with callous indifference to the federally protected rights of Plaintiffs. Defendants, and each of them, engaged in despicable conduct by using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs.  Plaintiffs are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant officers.

61.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendants' violations of Plaintiffs' Civil Rights.

# THIRD CAUSE OF ACTION

## HARASSMENT AND DISCRIMINATION BY INTIMIDATION OR THREAT OF FORCE OR VIOLENCE BASED ON RACE/ANCESTRY, Civil Code §§ 51.7, 52 (RALPH CIVIL RIGHTS ACT)

### (By All Plaintiffs Against Defendants City of Anaheim, APD, and/or Does 1-25, inclusive)

62.     Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

63.     All Defendants committed violence, including, but not limited to, releasing a police attack dog upon plaintiff LAGUNAS and shooting plaintiff ROJAS, multiple times with non-legal bullets, or intimidation by threat of violence, against Plaintiffs because of Plaintiffs' race (Latino), in violation of Civil Code § 51.7.

64.     Unknown officers of the APD aided, incited and conspired in the denial of Plaintiffs' rights under Civil Code § 51.7, while acting as employees of CITY OF ANAHEIM and/or APD.

65.     Unknown officers of the APD were acting in part within the course and scope of their employment by CITY OF ANAHEIM and/or APD and were, at least in part, serving a purpose of their own in carrying out the above misconduct against Plaintiffs. Unknown officers of the APD were motivated, at least in part, by malice and ill will toward Plaintiffs because of their Latino heritage.

66.     As the proximate result of all Defendants' misconduct, Plaintiffs are entitled, pursuant to Civil Code §52, to an award of actual general and special damages (including but not limited to physical and mental injuries and disabilities; pain and suffering, emotional distress), exemplary and punitive damages, a civil penalty of twenty-five thousand dollars ($25,000) for each violation of §51.7 by each Defendant, and reasonable attorney's fees as may be determined by the Court.

1 | Plaintiffs have retained the legal services of attorney Federico C. Sayre, of Sayre
2 | & Levitt, LLP and incurred an obligation for fees.

### FOURTH CAUSE OF ACTION

### ATTEMPTED INTERFERENCE WITH LEGAL RIGHTS BY

### INTIMIDATION OR THREAT OF VIOLENCE, CIVIL CODE§ 52.1

### (BANE CIVIL RIGHTS ACT)

### (By All Plaintiffs Against Defendants City of Anaheim, APD, and/or Does 1-25, inclusive)

67. Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

68. Defendants and Does 1-25 interfered and/or attempted to interfere, by intimidation, coercion, and/or credible threats of violence, with the exercise or enjoyment by Plaintiffs' first amendment rights to exercise freedom of speech and to assemble peaceably, as well as the right to be free from deprivation of liberty, as a result of their Latino heritage. Said rights are secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California. Plaintiffs' rights include, but are not limited to; Civil Code §§ 51.7, 52, 52.1 (race discrimination).

69. Defendants and/or Does 1-25 were acting in part acting within the course and scope of their employment by CITY OF ANAHEIM and/or APD and were, at least in part, serving a purpose of their own in carrying out the above misconduct against Plaintiffs. Unknown officers of the APD and/or Does 1-25 were motivated, at least in part, by malice and ill will toward plaintiffs, all of whom are Latino.

70. As the proximate result of the CITY OF ANAHEIM's, APD's, unknown officers of the APD and/or DOES 1-25's misconduct, Plaintiffs suffered damages. Plaintiffs are entitled, pursuant to Civil Code §§ 52.1 and 52, to an award of actual

1  general and special damages, exemplary damages, and reasonable attorney's fees

2  as may be determined by the Court. Plaintiffs have retained the legal services of

3  attorney Federico C. Sayre, of Sayre & Levitt, LLP and incurred an obligation for

4  fees. Plaintiffs are also entitled to an injunction against further interference with

5  Plaintiffs' legal rights.

6      71. Pursuant to Civil Code §3294, unknown officers of the APD and/or

7  DOES 1-25's wrongful conduct was malicious, oppressive, fraudulent, despicable

8  and not to be tolerated by civilized society and was known, authorized, ratified

9  and/or perpetrated by CITY OF ANAHEIM and/or APD's managing agents,

10  entitling Plaintiffs to an award of punitive and exemplary damages in an amount to

11  be proven.

## FIFTH CAUSE OF ACTION

## ASSAULT

### [Against All Defendants]

15      72.    Plaintiffs repeat, re-allege and incorporate each and every allegation

16  of each and every paragraph above as though fully set forth herein. Plaintiffs are

17  informed and believe and thereon allege the following:

18      73.    Defendants, and each of them, acted intending to cause harmful or

19  offensive contact with plaintiffs.

20      74.    Plaintiff LAGUNAS reasonably believed that he was about to be

21  touched in a harmful and offensive manner by an APD police dog, on or about,

22  July 21, 2012.

23      75.    Plaintiffs ROJAS and VENTURA reasonably believed that they were

24  about to be shot, in a harmful and offensive manner by unknown officers of the

25  APD, on or about, July 21, 2012.  Additionally, plaintiff VENTURA reasonably

26  believed that her infant child was about to be attacked and/or bitten, while in his

27  stroller, by defendant APD's police dog.

28

76.   Plaintiffs did not consent to defendants, and each of their, conduct.

77.   Defendants, and each of theirs, conduct was a substantial factor in causing Plaintiffs' harm.

78.   Said assaults were not consented to by plaintiffs, nor were the defendants' infliction of serious bodily injury upon plaintiffs LAGUNAS and ROJAS, privileged or immunized by the laws of the State of California.

79.   Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive plaintiffs of their rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling plaintiffs to exemplary and punitive damages against the individual officers, currently unknown to plaintiff, and DOES 1-25, inclusive.

80.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(A)  Physical and mental pain and suffering;

(B)  Damages to clothing and other personal effects;

(C)  Medical expenses;

(D)  Lost earnings and lost earning capacity;

(E)  Punitive and exemplary damages pursuant to California Civil Code Section 3294 and Grimshaw v. Ford Motor Co., (1981) Cal.App.3d 757 against defendants unknown officers of the APD and/or Does 1-25 only, in an amount sufficient to punish and make an example of defendants unknown officers of the APD and/or Does 1-

25, in order to promote greater safety and provide an incentive for defendants unknown officers of the APD and/or Does 1-25 and others so situated to engage in safer practices.

81.   The individual Defendants unknown officers of the APD and/or Does 1-25, inclusive, and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of plaintiffs' rights and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice. individual defendants unknown officers of the APD and/or Does 1-25, Inclusive, and each of them, engaged in a conscious and willful disregard caused injuries and damages to plaintiffs are therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and Grimshaw v. Ford Motor Co., (1981) Cal. App.3d 757, in an amount sufficient to punish and make an example of said individual defendants unknown officers of the APD and/or Does 1-25, inclusive, in order to promote greater safety and provide an incentive for said individual defendants and others so situated to engage in safer practices.

## SIXTH CAUSE OF ACTION
## BATTERY
**[Plaintiffs LAGUNAS and ROJAS Against unknown officers of the APD and Does 1-25]**

82.   Plaintiffs repeat, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiffs are informed and believe and thereon allege the following:

83.   Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

84.   Defendants, and each of them, touched plaintiffs LAGUNAS and ROJAS, with intent to harm plaintiffs, in that plaintiff LAGUNAS was attacked and bitten by a police dog under the control of the APD and plaintiff ROJAS was shot, at least three times, by unknown officers of the APD.

85.   Plaintiff LAGUNAS did not consent to being attacked and bitten by the APD attack dog.  Plaintiff ROJAS did not consent to being shot, multiple times, by non-lethal bullets, fired by unknown officers of the APD.

86.   Plaintiff was harmed by the conduct of defendants, and each of them. Said shooting was not consented to by plaintiff, nor was the defendants' infliction of serious bodily injury upon plaintiff, privileged or immunized by the laws of the State of California.

87.   Each of the individual unknown officers of the APD and DOES 1-25, inclusive, and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive plaintiff LAGUNAS and plaintiff ROJAS, of their rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs LAGUNAS and ROJAS, to exemplary and punitive damages against the individual defendants.

88.   As a direct and proximate result of said tortious and illegal acts and omissions of defendants, and each of them, Plaintiffs LAGUNAS and ROJAS haves sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(A)  Physical and mental pain and suffering;

(B)  Damages to clothing and other personal effects;

(C)  Medical expenses;

(D)  Lost earnings and lost earning capacity;

(E)  Punitive and exemplary damages pursuant to California Civil Code Section 3294 and <u>Grimshaw v. Ford Motor Co.</u>, (1981) Cal.App.3d 757, against the individual defendants only, in an amount sufficient to punish and make an example of said individual defendants, and each of them, in order to promote greater safety and provide an incentive for the individual defendants and others so situated to engage in safer practices.

89.    The individual Defendants, unknown officers of the APD and DOES 1-25, and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of plaintiffs' rights and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice. The individual defendants, and each of them, engaged in a conscious and willful disregard caused injuries and damages to plaintiffs LAGUNAS and ROJAS. Plaintiffs LAGUNAS and ROJAS are therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and <u>Grimshaw v. Ford Motor Co.</u>, (1981) Cal.App. 3d 757, in an amount sufficient to punish and make an example of the individual defendants, in order to promote greater safety and provide an incentive for the individual defendants and others so situated to engage in safer practices.

## SEVENTH CAUSE OF ACTION
## NEGLIGENCE
### [Against All Defendants]

90.    Plaintiffs repeats, re-alleges and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiffs are informed and believe and thereon alleges the following.

91.    Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

92.   Defendants, and each of them, had a duty not to cause plaintiffs serious and severe personal injury.

93.   Defendants, and each of them, breached their duty not to cause plaintiffs serious and severe personal injury by unjustifiably, without any imminent threat of harm, releasing their police dog, which attacked and bit plaintiff LAGUNAS multiple times and when they shot plaintiff ROJAS multiple times, with non-lethal bullets.

94.   Defendants, and each of them, had a duty to act reasonably under the circumstances, and that either through breach of that duty, or in failing to follow appropriate procedures, plaintiff LAGUNAS was attacked and bitten, multiple times, by an APD police dog, while shielding plaintiff VENTURA and their infant child and plaintiff ROJAS was shot, multiple times, by non-lethal bullets, fired by unknown officers of the APD.  All plaintiffs were unarmed at the time and were not acting in the commission of any crime.

95.   Defendants, and each of them, caused plaintiffs LAGUNAS and ROJAS to suffer serious and severe personal injuries, by plaintiff LAGUNAS being attacked and bitten, multiple times, by an APD police dog and plaintiff ROJAS being shot, multiple times, by non-lethal bullets, fired by unknown officers of the APD.  Defendants, and each of them, caused plaintiff VENTURA to suffer severe emotional distress when grabbing her infant child from her stroller, immediately preceding defendant APD's police dog attacking her infant's stroller and attacking the infant's father, plaintiff LAGUNAS.

96.   As a direct and proximate result of the breach of duty by defendants, and each of them, plaintiffs LAGUNAS and ROJAS have sustained serious and severe personal injuries.

97.    As a direct and proximate result of said tortious and illegal acts and omissions of defendants, and each of them, plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(A)    Physical and mental pain and suffering;

(B)    Damages to clothing and other personal effects;

(C)    Medical expenses;

(D)    Lost earnings and lost earning capacity;

## EIGHTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
### [Against Defendants CITY OF ANAHEIM, APD and Does 1-25]

98.    Plaintiffs repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. Plaintiffs are informed and believe and thereon allege the following:

99.    Plaintiff invoke the pendant jurisdiction of this Court to hear this claim.

100.    Plaintiffs are informed and believe and thereon allege that defendants CITY OF ANAHEIM and APD were aware of the unfitness of the individual defendants unknown officers of the APD and/or DOES 1-25, inclusive,  and that defendants CITY OF ANAHEIM and APD, as a policy, custom and practice, continued to employ and utilize the individual defendants unknown officers of the APD and/or DOES 1-25, inclusive resulting in the violation of the Civil Rights of plaintiffs.

101.    Plaintiffs are informed and believe, that as a result of the individual defendants' unknown officers of the APD and/or DOES 1-25, inclusive, professional background or lack of qualifications, Defendants CITY OF

1    ANAHEIM and APD should not have hired and/or retained the individual

2    defendants unknown officers of the APD and/or DOES 1-25, inclusive .

3        102.    At all times herein mentioned, defendants CITY OF ANAHEIM and

4    APD were negligent in supervising the conduct of the individual defendants

5    unknown officers of the APD and/or DOES 1-25, inclusive, Inclusive, resulting in

6    serious and severe personal injury to plaintiffs.

7        103.    Plaintiffs are informed and believe, and thereon allege, that on or

8    before July 21, 2012, defendants CITY OF ANAHEIM and APD, negligently

9    hired, trained, supervised, employed and/or managed individual defendants

10   unknown officers of the APD and/or DOES 1-25, inclusive, by failing and

11   refusing to train Anaheim Police Officers in proper use of force, in particular the

12   pyramid of force, use of non-violent compliance methods, use of police dogs, and

13   proper situations for use of a gun with non-lethal bullets, so that they did not pose

14   an unreasonable risk of serious bodily injury; in that the Defendants knew, or in

15   the exercise of reasonable diligence, should have known, that said individual

16   defendants unknown officers of the APD and/or DOES 1-25, inclusive were a

17   dangerous and violent employees, prone to use of unnecessary force, and in a

18   manner that demonstrated callous disregard for the rights and safety of civilian

19   citizens, and assault and batter persons and/or use unnecessary, unreasonable

20   and/or unlawful physical force without reasonable justification.

21       104.    As a legal, direct and proximate result of the aforementioned

22   negligence by defendants, and each of them, plaintiffs suffered bodily injuries,

23   mental injuries and emotional distress. Each of the individual defendants and the

24   municipal defendants acted in concert and without authorization of law and each

25   of the individual defendants, separately and in concert, acted willfully, knowingly,

26   with reckless disregard and callous indifference, and purposely with the intent to

27   deprive plaintiffs of their rights and privileges, entitling plaintiffs to exemplary

28

and punitive damages against the individual defendants in an amount to be proven at the trial of this matter.

105.   As a direct and proximate result of said tortious and illegal acts and omissions of defendants, and each of them, plaintiffs have sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

(A)   Physical and mental pain and suffering;

(B)   Damages to clothing and other personal effects;

(C)   Medical expenses;

(D)   Lost earnings and lost earning capacity;

## PRAYER

Wherefore, the plaintiffs for each and every claim for relief above demand the following relief, jointly and severally, against all the defendants;

1.   Compensatory general and special damages in an amount in accordance with proof which are:

(A)  As a direct and proximate result of the aforementioned acts of defendants, and each of them, plaintiffs suffered the following injuries and damages which are recoverable by plaintiffs under the Federal Civil Rights statutes and State Civil Rights statutes identified herein:

(B)  Violation of their constitutional rights under the First, Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their person and depriving them of freedom of speech, freedom to assemble, freedom of liberty, without due process of law;

(C)  Violation of their California state civil rights under Civil Code §§51 (Unruh Act); and 52.1 (Bane Act);

COMPLAINT FOR DAMAGES

1          (D)  Conscious physical pain, suffering and emotional trauma;

2   and

3          (E)  Loss of income and lost earning capacity.

4   2.     As a direct and proximate result of the actions of defendants,

5          plaintiffs suffered the following injuries, including but not limited to:

6          (A)    Physical and mental pain and suffering;

7          (B)    Damages to clothing and other personal effects;

8          (C)    Medical expenses;

9          (D)    Lost earnings and lost earning capacity;

10  3.     Reasonable attorneys' fees and expenses of litigation, including those

11  fees permitted by 42 U.S.C. § 1988; Attorney fees Awards Act of 1976, 42

12  U.S.C. §  1983 and California Civil Code §§51.7,51 and 52.1.

13  4.     Punitive and exemplary damages pursuant to California Civil Code

14  Section 3294 and <u>Grimshaw v. Ford Motor Co.</u>, (1981) Cal.App.3d 757,

15  individual defendants unknown officers of the APD and/or DOES 1-25,

16  inclusive.

17  5.     Costs of suit necessarily incurred herein;

18  6.     Prejudgment interest according to proof;

19  7.     Such other and further relief as the Court deems just and proper.

22  Dated:  February 6, 2013          By: _____

23                                    SAYRE & LEVITT, LLP
                                      Federico C. Sayre, Esq.
24                                    Adam L. Salamoff, Esq.

COMPLAINT FOR DAMAGES

27

1

2          Plaintiffs  hereby demand a trial by jury in this matter.

3

4     Dated:  February 6, 2013         By: _____
                                           SAYRE & LEVITT, LLP
5                                          Federico C. Sayre, Esq.
                                           Adam L. Salamoff, Esq.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                COMPLAINT FOR DAMAGES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

### SACV13- 247 JST (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY