MICHAEL R.W. HOUSTON
INTERIM CITY ATTORNEY
JESSE JACOBS (SBN 239626)
E-mail: jjacobs@anaheim.net
200 S. Anaheim Boulevard, Suite 356
Anaheim, California  92805
Tel: (714) 765-5169 Fax: (714) 765-5123

Attorneys for Defendant CITY OF ANAHEIM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR LAGUNAS, YESENIA ROJAS AND CRYSTAL VENTURA,<br><br>                Plaintiffs,<br><br>        v.<br><br>CITY OF ANAHEIM, ANAHEIM POLICE DEPARTMENT, and DOES 1 through 25, Inclusive,<br><br>                Defendants. | Case No.:    SACV 13-00247 JST (ANx)<br><br>Assigned to:Hon. Josephine Staton Tucker<br>Dept.:        10A<br><br>**DEFENDANT CITY OF ANAHEIM'S ANSWER TO COMPLAINT**<br><br>Action Filed:    February 12, 2013<br>Trial Date:      None set |

Defendant the City of Anaheim ("Anaheim") (also erroneously sued herein under the name of its police department[1]) for itself and for no other party, hereby answers plaintiffs' Complaint for Damages on file herein as follows:

1.    Answering Paragraph 1, Anaheim admits the allegations contained therein.

2.    Answering Paragraph 2, Anaheim denies the allegations contained therein.

---

[1] Although named as a separate defendant, the Anaheim Police Department is not a separate legal entity, but rather a department of the City of Anaheim.

3.      Answering Paragraph 3, Anaheim admits that plaintiff JUNIOR LAGUNAS asserts the claims for relief set forth in this paragraph. Except as expressly admitted, Anaheim denies the remaining allegations contained in this paragraph.

4.      Answering Paragraph 4, Anaheim admits that plaintiff YESENIA ROJAS and plaintiff CRYSTAL VENTURA assert the claims for relief set forth in this paragraph. Except as expressly admitted, Anaheim denies the remaining allegations contained in this paragraph.

5.      Answering Paragraph 5, Anaheim admits that jurisdiction of this Court over some of plaintiffs' claims is founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Except as expressly admitted, Anaheim denies the remaining allegations contained in this paragraph.

6.      Answering Paragraph 6, Anaheim admits that plaintiff invokes the supplemental jurisdiction of the Court as to his state law claims arising under California law pursuant to 28 U.S.C. § 1367. Except as expressly admitted, Anaheim denies the remaining allegations contained in this paragraph.

7.      Answering Paragraph 7, Anaheim admits that venue is proper in the Central District of California, that a "substantial part of the events upon which this action is based occurred in the district" and that the "incident", as Anaheim understands that term, took place on Anna Drive, near the intersection of La Palma, in the City of Anaheim, County of Orange, State of California.

8.      Answering Paragraphs 8-10, at this time Anaheim lacks sufficient information and belief as to the truth of these allegations, and on that basis denies the allegations contained in these paragraphs.

9.      Answering Paragraph 11, Anaheim admits the allegations contained therein.

10.      Answering Paragraph 12, Anaheim admits the Anaheim Police Department is a department of the City of Anaheim. Except as expressly

1    admitted, Anaheim denies the remaining allegations contained in this paragraph.

2         11.    Answering Paragraphs 13-14, at this time Anaheim lacks sufficient

3    information and belief as to the truth of these allegations, and on that basis denies

4    the allegations contained in these paragraphs.

5         12.    Answering Paragraph 15, Anaheim admits that it is an incorporated

6    municipality which conducts its affairs in California, primarily in Anaheim. At

7    this time Anaheim lacks sufficient information and belief to respond to the

8    remaining allegations contained in this paragraph and on that basis denies these

9    allegations.

10        13.    Answering Paragraph 16, Anaheim admits the Anaheim Police

11   Department is a department of the City of Anaheim. Except as expressly

12   admitted, Anaheim denies the remaining allegations contained in this paragraph.

13        14.    Answering Paragraphs 17-21, at this time Anaheim lacks sufficient

14   information and belief as to the truth of these allegations, and on that basis denies

15   the allegations contained in these paragraphs.

16        15.    Answering Paragraph 22, Anaheim admits that on the afternoon of

17   July 21, 2012, persons that included plaintiffs were assembled at or near the

18   intersection of Anna Drive and La Palma Ave. in Anaheim, California, following

19   an officer involved shooting. At this time Anaheim lacks sufficient information

20   and belief to respond to the remaining allegations contained in this paragraph,

21   and on that basis denies these allegations.

22        16.    Answering Paragraphs 23-24, Anaheim denies the allegations

23   contained therein.

24        17.    Answering Paragraph 25, Anaheim admits that a police dog injured

25   plaintiff LAGUNAS. Except as expressly admitted, Anaheim denies the

26   remaining allegations contained in this paragraph.

27        18.    Answering Paragraph 26, Anaheim denies that plaintiff LAGUNAS

28   was attacked by the police and that plaintiff ROJAS was shot by rubber or plastic

3

bullets. At this time Anaheim lacks sufficient information and belief to respond to the remaining allegations contained in this paragraph and on that basis denies these allegations.

19.    Answering Paragraphs 27 – 35, Anaheim denies the allegations contained therein.

20.    Answering Paragraph 36, Anaheim admits that it received plaintiffs' Government Claims on September 10, 2012. At this time Anaheim lacks sufficient information and belief to respond to the remaining allegations contained in this paragraph, and on that basis denies these allegations.

21.    Answering Paragraph 37, Anaheim admits the allegations contained therein.

22.    Answering Paragraph 38, Anaheim incorporates its responses to paragraphs 1-37.

23.    Answering Paragraph 39, Anaheim denies the allegations contained therein.

24.    Paragraph 40 consists of conclusions of law requiring no answer.

25.    Answering Paragraphs 41 - 56, Anaheim denies the allegations contained therein.

26.    Answering Paragraph 57, Anaheim incorporates its responses to paragraphs 1-56.

27.    Answering Paragraphs 58 - 61, Anaheim denies the allegations contained therein.

28.    Answering Paragraph 62, Anaheim incorporates its responses to paragraphs 1-61.

29.    Answering Paragraphs 63 – 66, Anaheim denies the allegations contained therein.

30.    Answering Paragraph 67, Anaheim incorporates its responses to paragraphs 1-66.

1       31.    Answering Paragraph 68 – 71, Anaheim denies the allegations

2   contained therein.

3       32.    Answering Paragraph 72, Anaheim incorporates its responses to

4   paragraphs 1-71.

5       33.    Answering Paragraph 73 - 81, Anaheim denies the allegations

6   contained therein.

7       34.    Answering Paragraph 82, Anaheim incorporates its responses to

8   paragraphs 1-81.

9       35.    Answering Paragraph 83, Anaheim admits that plaintiff LAGUNAS

10  and plaintiff ROJAS invoke the pendant jurisdiction of the Court to hear their

11  claim for battery.

12      36.    Answering Paragraph 84 - 89, Anaheim denies the allegations

13  contained therein.

14      37.    Answering Paragraph 90, Anaheim incorporates its responses to

15  paragraphs 1-89.

16      38.    Answering Paragraph 91, Anaheim admits the allegations contained

17  therein.

18      39.    Paragraph 92 consists of conclusions of law requiring no answer.

19      40.    Answering Paragraph 93 - 97, Anaheim denies the allegations

20  contained therein.

21      41.    Answering Paragraph 98, Anaheim incorporates its responses to

22  paragraphs 1-97.

23      42.    Answering Paragraph 99, Anaheim admits the allegations contained

24  therein.

25      43.    Answering Paragraph 100 - 105, Anaheim denies the allegations

26  contained therein.

27  ///

28  ///

Case No. SACV 13-00247 JST (ANx)

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

44.     Plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (No Constitutional Deprivation)

45.     The actionable facts set forth in the Complaint do not rise to the level of a constitutional deprivation.

## THIRD AFFIRMATIVE DEFENSE

### (No *Monell* Claim)

46.     Plaintiffs have failed to state facts sufficient to constitute a claim against Anaheim in accordance with *Monell v. Department of Social Services*, 98 S. Ct. 2018 (1978).

## FOURTH AFFIRMATIVE DEFENSE

### (Contribution)

47.     Plaintiffs failed to exercise ordinary care, caution and prudence for their own welfare so as to avoid the happening of the alleged injuries and thereby contributing thereto.  Plaintiffs' recovery is therefore barred to the degree of such contribution.

## FIFTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

48.     Plaintiffs assumed the risk of injury and the results thereof.

## SIXTH AFFIRMATIVE DEFENSE

### (Statutory Immunity)

49.     Anaheim and its employees are immune from liability with respect to some of plaintiffs' claims by the application of one or more of the immunities

6

1  set forth in the California Government Code, including the immunities set forth

2  in §§ 815, 815.2, 818.2, 818.8, 820, 820.2, 820.25, 820.4, 820.6, 820.8, 821.6,

3  821.8, 822.2, and 845.6.

4  **SEVENTH AFFIRMATIVE DEFENSE**

5  (Negligent Hiring and Retention Immunity)

6      50.    Anaheim is immune from liability for negligent hiring and retention.

7  California Government Code § 821.6.

8  **EIGHTH AFFIRMATIVE DEFENSE**

9  (Punitive Damage Immunity)

10      51.    Anaheim is immune from the imposition of punitive damages under

11  42 U.S.C. § 1983, *City of Newport v. Fact Concerts* (1981) 453 US 247, and

12  California Government Code § 818.8.

13  **NINTH AFFIRMATIVE DEFENSE**

14  (Failure to Exhaust Remedies)

15      52.    Any claim which requires the exhaustion of administrative remedies

16  is barred by any failure to exhaust those remedies.

17  **TENTH AFFIRMATIVE DEFENSE**

18  (Failure to Mitigate)

19      53.    Anaheim denies that it engaged in the wrongful conduct alleged in

20  the Complaint or that plaintiffs suffered any damages whatsoever as a result of

21  any wrongful conduct by Anaheim; however, to the extent plaintiffs claim to

22  have suffered damages as a result of the conduct alleged in the Complaint, such

23  damages were the result of plaintiffs' failure to take reasonable steps to mitigate

24  the damages allegedly suffered.

25  **ELEVENTH AFFIRMATIVE DEFENSE**

26  (Failure to Comply With Statutory Requirements)

27      54.    The Complaint, and each claim alleged therein, is barred by

28  plaintiffs' failure to comply with the applicable statutory requirements including,

7

without limitation, any applicable notice requirements.

## TWELFTH AFFIRMATIVE DEFENSE

(No Proximate Cause)

55.     The acts or omissions alleged were not the proximate result of the conduct of Anaheim or were proximately caused by persons other than Anaheim such that Anaheim cannot be held liable for such acts or omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reasonable Diligence)

56.     Any and all mandatory duties imposed on Anaheim were exercised with reasonable diligence, and therefore, Anaheim is not liable to plaintiffs for the alleged injuries pursuant to California Government Code §815.6.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Exercise of Discretion)

57.     Any and all acts or omissions on the part of Anaheim, which allegedly caused injuries at the time and place set forth in the complaint, were the result of the exercise of discretion vested in Anaheim, and therefore, Anaheim cannot be liable to plaintiffs for any of the alleged damages pursuant to Government Code section 820.2.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Vicarious Immunity)

58.     Anaheim is not liable for the damages, if any, alleged in plaintiffs' Complaint by reason of the provisions of Government Code, Section 815.2(b), in that a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Apportionment of Fault)

59.     In the event Anaheim is held liable under the complaint, Anaheim request an apportionment of fault be made as to all parties, named and unnamed,

1   and a judgment and declaration of partial indemnification and contribution

2   against all other parties or persons, named and unnamed, in accordance with the

3   apportionment of fault.

4   **SEVENTEENTH AFFIRMATIVE DEFENSE**

5   (Conditions Precedent)

6     60. The subject matter of the causes of action in plaintiffs' Complaint

7   are such that plaintiffs must satisfy certain conditions precedent outlined in the

8   Government Code prior to the filing of the instant complaint; Anaheim is

9   informed and believe and thereon allege that plaintiffs have failed to comply with

10  one or more of these requirements.

11  **EIGHTEENTH AFFIRMATIVE DEFENSE**

12  (Act or Omission of Another)

13    61. Anaheim is not liable for the damages, if any, alleged in this

14  Complaint, by reason of the provisions of Government Code Section 820.8, in

15  that a public employee is not liable for an injury caused by the act or omission of

16  another person.

17  **NINETEENTH AFFIRMATIVE DEFENSE**

18  (Superseding or Intervening Cause)

19    62. Plaintiffs' claims are barred by superseding or intervening causes.

20  Anaheim alleges that any act or omission, if any, of Anaheim was not a

21  contributing cause thereof, but was superseded by the acts or omissions of third

22  parties or plaintiffs, which were independent, superseding, intervening, and the

23  proximate cause of any injuries or damages allegedly suffered by the plaintiffs.

24  **TWENTIETH AFFIRMATIVE DEFENSE**

25  (Self Defense/Defense of Others)

26    63. With respect to certain matters alleged in plaintiffs' Complaint, any

27  police officer of the Anaheim Police Department was acting in self-defense or

28  defense of others.

9

1

**TWENTY FIRST AFFIRMATIVE DEFENSE**

2

(Lack of Capacity to Sue)

3      64.     Plaintiff Crystal Ventura is a minor, and therefore, lacks capacity to

4  sue. California Civil Code § 42; California Code of Civil Procedure §§ 372, 376;

5  California Family Code § 6601.

6

**TWENTY SECOND AFFIRMATIVE DEFENSE**

7

(Reasonable Use of Force)

8      65.     Anaheim alleges that any act or omission attributable to it, including

9  any alleged use of force, was objectively reasonable under all of the

10  circumstances.  *Graham v. Connor* 490 U.S. 386, 387 (1989); *Blanford v.*

11  *Sacramento* 406 F. 3d 1110, 1115 (9th Cir. 2005).

12

**TWENTY THIRD AFFIRMATIVE DEFENSE**

13

(No Fourth Amendment Violation)

14      66.     Plaintiffs have failed to state facts sufficient to constitute a cause of

15  action against Anaheim for alleged Fourth Amendment violations through means

16  intentionally applied. *Brower v. County of Inyo* 489 U.S. 593, 596-597 (1989).

17

**TWENTY FOURTH AFFIRMATIVE DEFENSE**

18

(No Substantial Factor)

19      67.     The conduct alleged was not a substantial factor in causing the harm

20  alleged.

21

**TWENTY FIFTH AFFIRMATIVE DEFENSE**

22      68.     Anaheim is informed and believes, and based thereon alleges, that

23  certain additional affirmative defenses are available.  Said affirmative defenses

24  will require a certain amount of discovery and/or investigation before they can

25  properly be alleged.  Anaheim will move to amend its Answer to allege such

26  additional affirmative defenses once they have been fully ascertained and can be

27  properly pleaded.  Said affirmative defenses are not being brought at this time

28  due to lack of time and/or information in which to plead them.

Case No. SACV 13-00247 JST (ANx)

1            WHEREFORE, Anaheim prays for relief as follows:

2        1.    That plaintiffs take nothing by their complaint herein;

3        2.    That Anaheim be awarded its costs of suit, including attorneys' fees;

4    and

5        3.    For such other and further relief as the Court deems just and proper.

6

7

8    Dated: March 7, 2013          MICHAEL R.W. HOUSTON
                                   INTERIM CITY ATTORNEY

9

10                                  By:     /s  Jesse Jacobs

11                                          Jesse Jacobs
                                       Deputy City Attorney

12                                            Attorneys for Defendant
                                       CITY OF ANAHEIM

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   94006v1