UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNIOR LAGUNAS, et al., | Case No. SACV 13-247-JST(ANx) |
| Plaintiff/s, | |
| | ORDER SETTING SCHEDULING |
| v. | CONFERENCE FOR |
| CITY OF ANAHEIM, et al., | |
| | JUNE 7, 2013 |
| Defendant/s. | 1:30 P.M., COURTROOM 10-A |

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

    This case has been assigned to Judge Josephine Staton Tucker. If plaintiff has not already served the complaint (or any amendment thereto) on **all** defendants, plaintiff shall promptly do so and shall file proofs of service within three (3) days thereafter. Defendants also shall timely serve and file their responsive pleadings and file proofs of service within three days thereafter.

    This case is set for a scheduling conference under Fed. R. Civ. P. 16(b) on the date and time stated in the caption of this Order, in Courtroom 10A of the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California. Unless excused for good cause shown in advance of the scheduling conference, **lead counsel** shall

appear at the scheduling conference and at all pretrial hearings fully informed concerning the facts of the case.

Attached to this Order, as Exhibit A, are the Court's presumptive dates. Parties wishing to deviate from this schedule shall provide the Court with reasons for each suggested change. In addition, the parties may submit to the Court a specific cut-off date for expert disclosures and discovery, with an explanation as to why such dates may be necessary.

### 1.     Joint Rule 26(f) Report

As provided in Fed. R. Civ. P. 26(f), the parties shall meet at least 21 days before the scheduling conference and file a Joint 26(f) Report ("Report") **no later than 14 days before the date set for the scheduling conference**. The Report shall be drafted by plaintiff (unless the parties agree otherwise), but shall be submitted and signed jointly. "Jointly" contemplates a single report, regardless of how many separately-represented parties there are. The Report shall separately address all matters described below, which include those required to be discussed by Fed. R. Civ. P. 26(f) and Local Rule 26:

a. <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b. <u>Legal issues</u>: a brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.

c. <u>Damages</u>: the realistic range of provable damages.

d. <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

e. <u>Motions</u>: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

f. <u>Manual for Complex Litigation</u>: whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

g. <u>Status of Discovery</u>: a discussion of the present state of discovery, including a summary of completed discovery.

    h.    <u>Discovery Plan</u>: a detailed discovery plan, as contemplated by Fed. R. Civ. P. 26(f)(3), including a discussion of the proposed dates for expert witness disclosures under Fed. R. Civ. P. 26(a)(2) (*see* Local Rule 26-1(f)). A statement that discovery will be conducted as to all claims and defenses, or other vague description, is not acceptable.

    i.    <u>Discovery cut-off</u>: a proposed discovery cut-off date. This means the final day for completion of discovery.

    j.    <u>Dispositive motions</u>: a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

    k.    <u>Settlement</u>: a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement selecting either ADR Procedure No. 2 (Court Mediation Panel) or ADR Procedure No. 3 (private mediation). *See generally* General Order 11-10, § 5.1; Local Rule 16-15.4. Note, however, that the parties may not choose a settlement conference before the magistrate judge. Local Rule 26-1(c). For more information about the Court's ADR Program, please visit the "ADR" section of the Court website, http://www.cacd.uscourts.gov. No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a mediation.

    l.    <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by court. Each side should specify (by number, not by name) how many witnesses it contemplates calling. If the time estimate for trial given in the Report exceeds four court days, counsel shall be prepared to discuss in detail the estimate.

    m.    <u>Trial counsel</u>: the name(s) of the attorney(s) who will try the case.

    n.    <u>Independent Expert or Master</u>: whether this is a case in which the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent

3

    scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.)

  o. <u>Other issues</u>: a statement of any other issues affecting the status or management of the case (*e.g.*, unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, non-English speaking witnesses, discovery in foreign jurisdictions, etc.) and any proposals concerning severance, bifurcation, or other ordering of proof.

The Report should set forth the above-described information under section headings corresponding to those in this Order.

### 2. **Notice to be Provided by Counsel**

Plaintiff's counsel or, if plaintiff is appearing *pro se,* defendant's counsel, shall provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

### 3. **Disclosures to Clients**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's trial order, which will contain the schedule that the Court sets at the scheduling conference.

### 4. **Patent Cases**

In patent cases, the Court intends generally to follow the process and timeline outlined in the rules for patent cases that have been adopted by the Northern District of California. *See* N.D. Cal. Loc. Pat. Rs. 3-1 to 4-7. Parties should submit the Report with those rules in mind.

///

///

///

1   ///

2   The Court thanks the parties and their counsel for their anticipated cooperation in complying

3   with these requirements.

5   IT IS SO ORDERED.

7   Dated: March 12, 2013

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
United States District Judge

## PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Weeks Before Trial | Plaintiff(s) Request | Defendant(s) Request |
|---|---|---|---|
| Last Day for Hearing on Motion to Add Parties and Amend Pleadings **(Friday at 2:30 p.m.)** | Scheduling Conference + 90 Days | | |
| Discovery Cut-Off | 19 | | |
| Last Day to File Motions (Except Motions in Limine) | 17 | | |
| Last Day to Conduct Settlement Proceedings | 10 | | |
| Final Pre-Trial Conference **(Friday at 1:30 p.m.)** | 3 | | |
| Last Day for Filing Proposed Finding of Facts and Conclusions of Law (if court trial) | 1 | | |
| Exhibit Conference **(Friday at 3:30 p.m.)** | Friday before trial | | |
| Trial: Jury or Court **(Tuesday at 9:00 a.m.)** | | | |

Exhibit A

6